

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-16-00520-CV

Alexander **MOLINA** and Laura Molina,
Appellants

v.

**STONEGATE MORTGAGE CORPORATION**,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 2016CV03741
Honorable Jason Wolff, Judge Presiding

PER CURIAM

Sitting:    Rebeca C. Martinez, Justice
            Patricia O. Alvarez, Justice
            Luz Elena D. Chapa, Justice

Delivered and Filed:  November 23, 2016

DISMISSED AS MOOT

Appellants Alexander Molina and Laura Molina attempt to appeal from a judgment awarding possession of real property at 7522 Stagecoach Drive, San Antonio, Texas to Appellee Stonegate Mortgage Corporation which bought the property at a foreclosure sale and then filed a forcible detainer action in the justice of the peace court to have Appellants evicted. That court ordered the eviction, and upon Appellants' appeal de novo, the county court at law likewise ordered the eviction. The Molinas timely appealed.

Appellee filed a motion to dismiss, contending that the appeal is moot because the writ of possession has now been executed and Appellants have no continuing interest in possession of the property. We requested that Appellants file a response to the motion to dismiss, but Appellants did not respond.

The Supreme Court of Texas has explained,

The only issue in a forcible detainer action is the right to actual possession of the premises.
....
An action for forcible detainer is intended to be a speedy, simple, and inexpensive means to obtain immediate possession of property. Judgment of possession in a forcible detainer action is not intended to be a final determination of whether the eviction is wrongful; rather, it is a determination of the right to immediate possession.

*Marshall v. Housing Auth. of City of San Antonio*, 198 S.W.3d 782, 785, 787 (Tex. 2006).

Our review of the record reveals no "potentially meritorious claim of right to current, actual possession" by Appellants. *See id.* at 787. Further, our review of the record reveals that the only possible claim on appeal they could have in this matter would be the challenge of costs assessed against them in the judgment. But the supreme court has held in similar circumstances that an issue of costs does not prevent the dismissal of the case as moot. *Id*. at 790. The supreme court explained that "[i]f the trial court's judgment is vacated as a result of the case being moot, . . . either there will be no order assessing costs and each party will be required to pay its own costs . . ., or the appellate court will tax costs." *Id*.

Because Appellants have been evicted and the record reveals no potentially meritorious issue related to possession, and because the issue of costs does not operate to prevent the dismissal of the case as moot, we grant Appellee's motion, vacate the trial court's judgment, and dismiss this appeal as moot. *See id.*

PER CURIAM